WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Margaret Rose Brown, | No. CV-17-01031-PHX-GMS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| CIT Bank NA, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Margaret Rose Brown's Motion for Temporary Restraining Order ("TRO") with notice, (Doc. 3). Defendant CIT Bank NA ("CIT Bank") has responded, (Doc. 11), and a TRO hearing has been scheduled for Friday, April 28, 2017, at 11:00 AM.

Federal Rule of Civil Procedure 12(h)(3) provides that if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This Court had made that determination and therefore dismisses the action.

Plaintiff asserts in her Complaint that this court "has jurisdiction pursuant to Title 28 U.S.C. § 1331." (Doc. 1 at 2.) However, there is no federal question on the face of her Complaint. While she asserts that "Defendants have violated statutory and common law obligations pursuant to the Home Equity Conversation Mortgage Program, 12 U.S.C.A. § 1715z-20," she makes no claims pursuant to that statute.

Count One simply seeks declaratory relief that the pending foreclosure is invalid, without citing the authority under which Plaintiff seeks declaratory relief. (Doc. 1 at 7.) Even if she seeks declaratory relief under the federal Declaratory Judgment Act, 28

U.S.C. § 2201(a), "[i]t is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction, but merely provides an additional remedy in cases where jurisdiction is otherwise established." *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 280 (9th Cir. 1988) (internal citations and quotation marks omitted).

Counts Two and Three assert that the Defendants in this case breached their "duty to Plaintiff to comply with Arizona law and the Deed of Trust, including but not limited to A.R.S. § 33-801 et seq." (Doc. 1 at 8, 9.)

Count Four asserts two separate breaches of contract. First, Plaintiff asserts that Defendant Financial Freedom breached the contract formed by the Deed of Trust by "declaring the entire loan amount due and payable when the conditions precedent for acceleration of the debt" as stated in the Deed of Trust had not occurred. (Doc. 1 at 10.) Second, Plaintiff asserts that Financial Freedom "also entered into a contract when it offered to assign the Note and Deed of Trust to HUD," and then breached that contract when Financial Freedom "failed to assign the Note and Deed of Trust even after Plaintiff fully complied with the terms." (Doc. 1 at 10–11.)

Count Five asserts that the pending trustee sale is wrongful, because Defendant MTC Financial Incorporated ("MTC") falsely represented that it was qualified to act as a trustee under A.R.S. § 33-803(A)(1) and in so doing violated A.R.S. § 33-420.

Count Six again asserts that CIT Bank and Financial Freedom breached a contract, and seeks specific performance of that contract. Plaintiff alleges the CIT Bank and Financial Freedom made a unilateral offer, which Plaintiff accepted, to evaluate Plaintiff for an assignment of the loan to the United States Department of Housing and Urban Development ("HUD"). Plaintiff further asserts that she qualified for such assignment under HUD's Mortgagee Optional Election ("MOE") program, as described in HUD's Mortgagee Letter 2015-15, but that Defendants failed to submit her application in a timely manner. (Doc. 1 at 14–20.)

While Count Six (along with, to a lesser extent, Counts Two and Four) references a federal mortgage assignment program, the statutes, regulations and guidelines

pertaining to reverse mortgages generally do not create a private federal right of action. *See Estate of Leventhal ex rel. Bernstein v. Wells Fargo Bank, N.A.*, No. 14 Civ. 8751(ER), 2015 WL 5660945, at *12 (S.D.N.Y. Sept. 25, 2015) (collecting cases); *see also Welte v. Wells Fargo Bank Nat'l Ass'n*, 189 F. Supp. 3d 965, 976 (C.D. Cal. 2016) ("Nothing in this section [12 U.S.C. § 1715z-20] imposes a duty of any kind on financial institutions"); *Santos v. Reverse Mortg. Sols., Inc.*, No. 12-3296-SC, 2013 WL 5568384, at *6 (N.D. Cal. Oct. 9, 2013) (declining to create a federal private right of action for violations of an HUD "handbook for HUD-approved mortgagees in servicing HUD-insured HECM mortgages"). Mortgagee Letter 2015-15 itself provides that:

> Nothing in this Mortgagee Letter confers any right to a Non-Borrowing Spouse to an assignment or any other action by HUD or the mortgagee. Further, nothing in this Mortgagee Letter interferes with any right of the mortgagee to enforce its private contractual rights under the terms of the HECM. All private contractual rights and obligations remain unaffected by anything in this Mortgagee Letter.

U.S. Dep't of Housing and Urban Dev., Mortgagee Letter 2015-15, at *7 (June 12, 2015). Moreover, Count Six's breach of contract claim is premised on Financial Freedom's alleged failure to follow through on its contractual promise to submit an MOE application to HUD in a timely manner, not on any kind of "contested and substantial federal question" over the interpretation of Mortgagee Letter 2015-15 or any other federal statutes, regulations or guidelines. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (noting that "federal jurisdiction demands not only a contested federal issue, but a substantial one").

As such, this Court lacks federal question jurisdiction over this matter.[1]

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** for lack of subject-matter jurisdiction.

/ / /

---

[1] Diversity jurisdiction under 28 U.S.C. § 1332 is also lacking; Plaintiff is an Arizona resident and it is alleged that Defendant MTC is an Arizona real estate corporation. (Doc. 1 at 1–2.)

1 **IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**
and the TRO Hearing scheduled for April 28, 2017 is **VACATED**.

Dated this 26th day of April, 2017.

_____
Honorable G. Murray Snow
United States District Judge